JOHN J. KENNEDY, administrator, vs. U-HAUL CO., INC. (and a companion case[1]).

Worcester. May 6, 7, 1971. — June 30, 1971.

Present: TAURO, C.J., CUTTER, QUIRICO, & BRAUCHER, JJ.

*Negligence*, Manufacturer, Motor vehicle. *Proximate Cause. Evidence*, Opinion: expert.

Testimony of an expert witness at the trial of an action, merely that the design of the brake system of a motor truck involved in an accident was wrong, due to an exposed cap being made of plastic, was not sufficient to establish negligence in design on the part of the manufacturer of the truck. [73–74]

At the trial of an action against the owner of a van-type truck the brakes of which failed when a child ran into its path, disappeared under the truck, and was run over by its rear wheels, opinions of an expert witness that the bolts on the brake system of the truck should have been checked with a torque wrench, which was not done, and that one bolt was broken before the accident, warranted inferences that a proper inspection would have disclosed a remediable weakness in the brake system, that repairs would have prevented the brake failure, and that the defendant was negligent [74]; evidence that the brakes failed before the rear wheels of the truck ran over the child and that working brakes would have stopped the truck before then warranted an inference that the defendant's negligence contributed to the child's death [74].

TORT. Writs in the Superior Court dated November 27, 1967.

The actions were tried before *Noonan*, J.

*Stanley B. Milton* for Ford Motor Company.

*Philip J. MacCarthy* for U-Haul Co., Inc.

*Harry Zarrow* for the plaintiff.

BRAUCHER, J. A five-year old girl ran into the street between two trailer trucks and was struck and killed by a van-type truck of two and one-half ton capacity. Her administrator brought actions of tort for wrongful death

---

[1] John J. Kennedy, administrator, vs. Ford Motor Company.

against the driver, against the owner (U-Haul) who had leased it to the driver, and against the manufacturer (Ford). The three actions were tried together, and the jury returned a verdict for the defendant driver, a verdict against Ford for $5,000, and a verdict against U-Haul for $15,000. The latter two cases are before us on the judge's report of the question whether there was sufficient evidence to warrant submitting to the jury the issue of Ford's negligence, and on U-Haul's exception to the denial of its motion for a directed verdict. Although the judge's report as to Ford is not identical to U-Haul's bill of exceptions, the cases were argued together on the same footing, and we do not distinguish the report from the bill of exceptions in summarizing the evidence most favorable to the plaintiff.

The truck was manufactured in November, 1966, and was sold shortly afterward in Portland, Oregon. At that time it had a booster brake system like the one it bore at the time of the accident. In March, 1967, Davis, the proprietor of a service station in Rutland, Vermont, and an authorized U-Haul lessor, acquired it from a U-Haul dealer in Pittsfield, Massachusetts; the mileage on its speedometer was then about 3,387. Davis did a 3,000 mile check in June, when the mileage was 6,212, and the brakes were checked July 29. The vehicle was last serviced on August 12, when the mileage was 9,402. On August 15, about 9 A.M., the truck was leased to the driver in Rutland, showing mileage of 9,402. He drove it to Fairhaven, Vermont, where it was loaded with about 900 pounds of lawn furniture, toys and other things, and he then headed for Worcester. En route he applied the brakes many times, and they worked.

About 2:45 P.M. on August 15, 1967, the driver was driving south on Pearson Boulevard in Gardner, Massachusetts, about twenty miles an hour, not faster than twenty-five miles an hour. The road was a level four-lane road, and the driver was near the center. The right side of his truck was about six feet from the left sides of two trailer trucks parked by a restaurant on his right. The little girl ran between the two parked trucks into his path; his vehicle

was about ten feet back from the point where she emerged. He applied his brakes with force; the wheels locked and left brake marks forty-four feet long. When his speed was down to five miles an hour, the brakes failed. The little girl disappeared under the truck, and the driver felt the rear wheels run over her. The truck traveled about twenty feet from the time the driver saw the child until he felt the brakes fail, and it proceeded another fifty feet before coming to a stop.

After the accident, there was a pool of blood in the road about eighteen feet from the curb and some blond hair indicating where the girl's body had been before it was moved. Parts of the brake system in a pool of brake fluid were a couple of feet from the pool of blood. The tire marks extended about ten feet south from the pool of blood. A cap from the brake system was broken and part of it was hanging down, suspended by a hose. A broken and rusty bolt from the system was among the parts found in the road.

An expert called by the plaintiff testified that the cap, since it was plastic and was positioned about fifteen inches above the road and could be struck by foreign obstacles in the roadway, was not in a position of normal safety. He also testified that the brake system should be checked at least once a month and that the bolts should be checked with a torque wrench. Davis testified that this was never done. The plaintiff's expert also testified that in his opinion the rusting of the bolt showed that it must have been broken some time before the accident.

1. *The case against Ford.* The claim that Ford was negligent rests entirely on the testimony of the plaintiff's expert. He testified that his reason for saying the design was wrong was that the cap was plastic, that he was not familiar with plastic to any great extent, that he knew what high impact plastic was, but that he would not change his opinion if he knew the specifications of the plastic used. This testimony is entirely insufficient to establish negligence in design. A mere guess or conjecture by an expert witness in the form of a conclusion from basic facts that

do not tend toward that conclusion any more than toward a contrary one has no evidential value. *Nass* v. *Duxbury,* 327 Mass. 396, 400–402. See *King's Case,* 352 Mass. 488, 491. Even if it were assumed that the design was defective, there is no evidence that the defect contributed to the accident. The plaintiff's expert could not say with any certainty what caused the brake failure. Compare *Brownhill* v. *Kivlin,* 317 Mass. 168, 170; *Dolan* v. *Suffolk Franklin Sav. Bank,* 355 Mass. 665, 669–670.

2. *The case against U-Haul.* Although there was positive testimony that the brake system, except for shoes and linings, was designed to last the life of the truck, and that there was no occasion to check the bolts which held on the cap, the jury were entitled to accept the opinion of the plaintiff's expert that the bolts should have been checked with a torque wrench. They could also accept his opinion that one of the bolts was broken before the accident, and they could infer that a proper inspection would have disclosed a weakness in the brake system which could have been remedied, and that proper repairs would have prevented the brakes from failing during the accident. The chain of inference is slender, but it is not mere speculation.

A causal connection between the brake failure and the death of the little girl may also be inferred. The driver's testimony as to distance does not fit the testimony of the plaintiff's expert as to reaction times, but the jury were not required to accept either one. The jury could make allowance for some delay in the application of the brakes, for the likelihood that the little girl was carried along some distance by the truck, and for the distance between the front bumper of the truck and the rear wheels, and could find that the brakes failed before the rear wheels ran over her, and that working brakes would have stopped the truck before then. It follows that the jury could properly infer that the negligence of U-Haul contributed to her death.

3. In the Ford case the question reported is answered in the negative, and judgment is to be entered for the defend-

ant Ford Motor Company. In the U-Haul case, the exceptions are overruled.

*So ordered.*