364 Mass. 382 (1973)
305 N.E.2d 112
ADELAIDE A. FORD
vs.
KYLE L. FLAHERTY; YANKEE DODGE, INC. & another, third-party defendants.
Supreme Judicial Court of Massachusetts, Suffolk.
May 8, 1973.
December 13, 1973.
Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.
Thomas D. Burns (Mitchell J. Sikora, Jr., with him) for Yankee Dodge, Inc.
David W. Kelley for Kyle L. Flaherty.
Karl L. Gollub (John B. Johnson with him) for Chrysler Corporation.
HENNESSEY, J.
This case is before us as a consequence of our allowance of an application by Yankee Dodge, Inc. (Yankee), a third-party defendant, for leave to obtain further appellate review after a decision of the Appeals Court. Ford v. Flaherty, Mass. App. Ct. (1972).[a] G.L.c. 211A, § 11. S.J.C. Rule 3:24, § 7, 359 Mass. 834 n., 838 (1972).
*383 The plaintiff brought an action in tort for personal injuries, arising out of an accident that occurred on August 18, 1964, against Kyle L. and Marguerite R. Flaherty, operator and owner, respectively, of a motor vehicle. The Flahertys, as third-party plaintiffs, impleaded Yankee, Chrysler Motors Corporation, and Chrysler Corporation (Chrysler), the manufacturer. At the conclusion of the evidence, the plaintiff waived the action against Marguerite Flaherty, thus eliminating the third-party claims of Marguerite Flaherty. As to Yankee and Chrysler, counts for negligence, misrepresentation, and breach of warranty remained against both corporations in the third-party declaration by Kyle L. Flaherty (Flaherty).
After a jury trial, the judge allowed the motions of both Yankee and Chrysler for directed verdicts on counts alleging misrepresentation and breach of warranty, sending to the jury, both in the direct action of Ford against Flaherty and in the third-party action of Flaherty against Yankee and Chrysler, only the negligence counts. The jury returned a verdict for the plaintiff in the direct action against Flaherty for $15,000 and in the same amount for Flaherty over against Yankee and Chrysler. These verdicts against the third-party defendants were taken under leave reserved and, after argument, verdicts for Yankee and Chrysler were entered under the leave reserved by the judge.
The case then came to the Appeals Court on the exceptions of the third-party plaintiff Flaherty against Yankee and Chrysler (1) to the entry of the verdicts under leave reserved and (2) to the allowance of the motions for directed verdicts on the counts for misrepresentation and breach of warranty.
The Appeals Court (1) sustained Flaherty's exception to the entry of a verdict under leave reserved and ordered the reinstatement of his jury verdict on the negligence count against Yankee, and (2) found it "unnecessary to consider whether there was error with respect to ... [the] count" for breach of warranty. As to Chrysler, it overruled the exceptions to the entry of a verdict under leave reserved on the count for negligent manufacture and to the directed verdict *384 on the count for breach of warranty.[1] The case then came to this court because of the allowance of Yankee's application for leave to obtain further appellate review.
On August 18, 1964, at approximately 1:30 P.M., at the intersection of Columbia Road, Dorchester, and the entrance ramp to the Southeast Expressway, a car driven by the defendant third-party plaintiff Flaherty struck and injured the plaintiff, a pedestrian. Flaherty was driving a 1964 Dodge, manufactured by Chrysler and purchased by the Flahertys from Yankee about July 8, 1964. The plaintiff was walking along the sidewalk of Columbia Road when she saw the Flaherty car traveling about thirty miles an hour and going in the same direction, on the right hand side of the island dividing Columbia Road. She heard a screech and saw the Flaherty vehicle making a sharp left turn through the space in the dividing island which permitted access to the ramp for the Southeast Expressway. The vehicle continued sharply left across the eastbound lane of Columbia Road, and its left front wheel struck the seven-inch high curbing, flattening the tire. The car then struck the plaintiff, knocked over a utility pole and came to rest with the left front wheel on the sidewalk and the remainder in the road and perpendicular to it.
The automobile was equipped with a regular hydraulic brake system and power steering; at the time of the accident it had been driven about 1,900 miles since the time of its purchase, as a new vehicle, from Yankee. There was evidence that the Flahertys noticed difficulty with the brakes and steering of the vehicle and that, on or about August 1, 1964, Flaherty told employees of Yankee about the complaints and left the vehicle with that company. When he picked the car *385 up, the steering and brakes seemed all right. There was extensive evidence as to the inspection of the vehicle, particularly as to the brakes, prior to its sale.
1. Here we have granted an application by Yankee for further review only of the issue as to whether the Appeals Court was correct in its determination that the verdict for the third-party plaintiff on the negligence count against Yankee should have been allowed to stand.[2] The thrust of Yankee's argument is that the evidence did not warrant an inference that any negligence of Yankee, by its servants or agents, contributed to cause the accident. Evidence on this issue was complex, and the question was well argued by the parties. We have reviewed all relevant parts of the record before us, and we find no error in the conclusion of the Appeals Court that an inference was warranted that negligence of Yankee contributed to cause the accident.
Another principal consideration in this court's decision to grant further review in this case concerns the rule that ordinarily one who has defended and lost an action of tort for his own negligence cannot recover for indemnity against another. The principle has long been clearly stated by this court: "It is simply this: If a party is obliged to defend against the act of another, against whom he has a remedy over, and defends solely and exclusively the act of such other party, and is compelled to defend no misfeasance of his own ... [he may recover from the other party] not only for the amount of damages recovered, but for all reasonable and necessary expenses incurred in such defence" (emphasis supplied). Westfield v. Mayo, 122 Mass. 100, 109 (1877). See Consolidated Hand-Method Lasting Mach. Co. v. Bradley, 171 Mass. 127, 133 (1898); Pittsley v. Allen, 297 Mass. 83 (1937); Buhl v. Viera, 328 Mass. 201 (1952). In a few cases *386 indemnity has been allowed to persons who were not free of fault, but the facts and reasoning of those exceptional cases are not apposite here. See Gray v. Boston Gas Light Co. 114 Mass. 149 (1873); Boott Mills v. Boston & Maine R.R. 218 Mass. 582 (1914); Hollywood Barbecue Co. Inc. v. Morse, 314 Mass. 368 (1943). Compare Stewart v. Roy Bros. Inc. 358 Mass. 446 (1970), and Becker's Inc. v. Breyare, 361 Mass. 117 (1972). Nor is there any relevance here to G.L.c. 231B, which provides for contribution among joint tortfeasors, since what Flaherty seeks against Yankee is reimbursement for his entire loss rather than a distribution of the loss between himself and Yankee.
In this case the negligence of Flaherty, as established by the jury verdict against him, constituted a defence against him in his third-party action against Yankee. The opinion of the Appeals Court did not discuss this defence and, in considering the future effect of that opinion as legal precedent, it could be contended that the opinion constituted a modification of existing principles. However, counsel for Flaherty and Yankee in their arguments before this court have joined in informing us that Yankee's defence arising out of Flaherty's negligence was eliminated from the case by stipulation of the parties at the trial of the action in the Superior Court. Apparently this stipulation arose out of circumstances peculiar to this case. In any event, it is clear that the case was correctly decided by the Appeals Court and that, in view of the stipulation, there was no intention to modify existing rules of law.
2. The circumstances of this case suggest to us some general observations concerning further review by this court of Appeals Court decisions in civil cases. First of all, we observe that the application for further review in this case sought review only of the Appeals Court rulings related to Flaherty's third-party action of tort for negligence against Yankee. The Appeals Court sustained the judge's rulings which directed verdicts for Chrysler. Chrysler nevertheless, presumably in a spirit of caution, filed a brief with this court. It is clear that Chrysler's appearance before us was unnecessary, *387 since the application for further review did not place Chrysler's legal position in issue.
Also, in this case, we observe that Yankee's application sought further review only as to the one count upon which Flaherty prevailed in the Appeals Court. Flaherty addressed his brief almost entirely to this one count, and he offered only meager argument either as to his count for breach of warranty, which the Appeals Court found it "unnecessary to consider," or as to his other exceptions which the Appeals Court treated as waived. In these circumstances, if Yankee had prevailed before us, the case was susceptible, in our discretion, to a totally dispositive order that judgment should enter for Yankee as to the one count which had been clearly presented for our consideration.
We stress the words, "in our discretion," since the case in that posture might also have given rise to an order by us that the successive or alternative arguments of Flaherty should be briefed and argued before this court or that those issues should be decided by the Appeals Court.[3] Nevertheless, a prudent party who prevailed in the Appeals Court should consider his position before this court to be essentially the same as it was before the Appeals Court. For this reason he might well decide to address, in his brief or brief and argument before us, such successive or alternative contentions. If a party does otherwise, he incurs a clear risk. See S.J.C. Rule 1:13, 351 Mass. 738.
It is also appropriate for us to state our view as to the significance as legal precedent of our rulings on applications for further review of Appeals Court decisions. An order by this court denying further review should not be considered in any case as an affirmation of the decision or reasoning of the Appeals Court. Such an order merely shows that, after consideration *388 of the applicable statutory standards as set forth in G.L.c. 211A, § 11, we have determined not to grant further review. Only a rescript or rescript and opinion from this court, after further review, should be considered as a statement of our position on the legal issues concerned. It goes without saying that Appeals Court decisions may appropriately be cited as sources of Massachusetts law. We do not intend by these comments to derogate from the status and effect of those decisions as legal precedent. Here we merely make careful distinction between the effect of our order on an application for further review as distinguished from our rescript, or rescript and opinion, after further review.
3. There was no error in the decision of the Appeals Court. Accordingly, the exceptions with respect to counts 8 and 10 of Flaherty's declaration against Chrysler are overruled. The exception with respect to count 4 is sustained and judgment is to be entered against Yankee on that count on the verdict for the third-party plaintiff Flaherty which was returned by the jury. Counts 6, 7 and 9 are treated as waived by Flaherty.
So ordered.
NOTES
[a] 294 N.E.2d 437.
[1] In summary, the Appeals Court had before it for consideration only the following six counts, all brought by Kyle L. Flaherty: count 4, for negligence against Yankee; count 6, for misrepresentation against Yankee; count 7, for breach of warranty against Yankee; count 8, for negligence against Chrysler; count 9, for misrepresentation against Chrysler; and count 10, for breach of warranty against Chrysler.

As to counts 6 and 9, for misrepresentation, the Appeals Court ruled that they were waived by Flaherty's failure to argue them in his brief. For the same reason, we rule that count 7, as well as counts 6 and 9, is waived, and we treat them accordingly in our order in the concluding paragraph of this opinion.
[2] The Appeals Court, at Mass. App. Ct. - (294 N.E.2d at 440), disposed of all other exceptions before it as follows: a warranty count by Kyle L. Flaherty against Yankee was treated as waived "[a]s judgment will be entered for ... [Flaherty] against Yankee on count 4" (the negligence count); exceptions of Flaherty on two counts against Chrysler were overruled; and other exceptions argued by Flaherty were not considered in view of the Appeals Court's "disposition of this case."
[3] See Ballantine v. Falmouth, 363 Mass. 760, 762, n. 2(1973), where we said: "The defendants argue that this court should consider only those issues urged in the respective applications for further review as grounds for further appellate review. However, when this court grants further appellate review under G.L.c. 211A, § 11, inserted by St. 1972, c. 740, § 1, the issues to be considered here are not limited to those urged as grounds for further appellate review, unless the order authorizing further appellate review sets forth such a limitation."