3 Mass. App. Ct. 73        73

Milham *v.* Paul Mitrano, Inc.

---

RICHARD MILHAM & another *vs.* PAUL MITRANO, INC.

Norfolk.   March 22, 1974. — February 20, 1975.

Present: ROSE, GOODMAN, & GRANT, JJ.

*Negligence,* Motor vehicle, In making repairs. *Proximate Cause. Evidence,* Identity of object, Business record.

In a tort action evidence that, shortly after the plaintiff's automobile was taken to a salvage yard, his expert witness obtained from the yard a positraction differential from an automobile of the same model and year as that of the plaintiff, that on that date the only automobile at the yard of that model and year belonged to the plaintiff, and that the salvage company's bill to the plaintiff's insurer indicated that the differential taken by the expert was from the plaintiff's automobile was sufficient to warrant a finding that the differential examined by the plaintiff's expert came from the plaintiff's automobile. [74-75]

!

In a tort action expert testimony, though disputed, that the defendant
negligently repaired a positraction differential on an automobile and
evidence that the negligent repair contributed to causing the plain-
tiff's injuries was sufficient to warrant a finding that the defendant
was negligent. [75]

A guest passenger in an automobile driven by the owner's son was a
person who foreseeably might be affected by defective repair of the
automobile. [75-76]

TORT.    Writ in the Superior Court dated January 6, 1967.
The action was tried before *Taveira, J.*

*Arthur J. McLaughlin* for the defendant.

*Robert I. Kalis* for the plaintiff Richard Milham.

GOODMAN, J.    In this action of tort the plaintiff Milham
recovered damages for personal injuries, and the plaintiff
Dexter C. Lewis, now deceased,[1] recovered damages to his
automobile. The plaintiffs claimed that the damages re-
sulted from the defective repair by the defendant of the
positraction differential in the rear end of the automobile
(the Lewis car) and that on December 27, 1965, because
of the defective repair, the Lewis car went out of control
and collided with another automobile. The defendant's bill
of exceptions raises first the issue whether there was suffi-
cient evidence so that a jury could find that the positrac-
tion differential examined by the plaintiffs' expert, who
testified it was defectively repaired, was the positraction
differential from the Lewis car. We think there was.

There was testimony that after the accident the Lewis
car was towed away by a company providing wrecker
service to its place of business, where it was kept intact
until February 28, 1966, when it was taken to an auto-
mobile salvage yard. On March 3, 1966, the plaintiffs' ex-
pert witness picked up from the salvage yard, on loan, a
positraction differential from an automobile of the same
model and year as the Lewis car. On March 21, 1966, the

---

[1] We note that the docket in the Superior Court contains a sugges-
tion of death of the plaintiff, Dexter C. Lewis, and a motion by the
executrix to appear and prosecute. We assume that upon rescript to
the Superior Court such steps as may be necessary will be taken to
make the substitution.

salvage yard was notified to bill a particular insurance company for the positraction differential taken by the expert and did so on the same day. The bill indicates that the differential came from the Lewis car. There was further testimony that the only automobile of that model and year on the lot on that date was owned by a person named Lewis. See *Brockton Hosp.* v. *Cooper,* 345 Mass. 616, 617 (1963).[2] The bill was admitted into evidence as a record kept in the regular course of business, and its admission implies a finding by the trial judge of all the facts prerequisite under G. L. c. 233, § 78. *Sawyer & Co.* v. *Southern Pac. Co.* 354 Mass. 481, 483 (1968), and cases cited. After the bill was admitted, the defendant inquired further about the circumstances surrounding the billing, but nothing elicited vitiates the trial judge's implied findings.

The defendant further argues that there was insufficient evidence that it was negligent. The expert testimony presented by the plaintiffs, though disputed, was a sufficient basis for the jury to find negligent repair of the positraction differential, and the evidence that this contributed to the accident was similar, and at least as extensive, as the evidence in *Ford* v. *Flaherty,* 1 Mass. App. Ct. 16, 18-20 (1972), *S. C.* 364 Mass. 382, 385 (1973), in which jury findings fixing the responsibility for negligent repair were upheld. See *Kennedy* v. *U-Haul Co. Inc.* 360 Mass. 71, 74 (1971).

The defendant's argument that the plaintiff Milham, who was a passenger in the car while the owner's son was driving, was not a person who might reasonably be expected to be affected by the defectively repaired positraction differential is without merit. There is ample evidence that he was not a trespasser (*Mounsey* v. *Ellard,* 363 Mass. 693, 707-708 [1973]) and that he was at least as much a "foreseeable plaintiff" (Prosser, Torts, § 100, p. 662 [4th ed. 1971]) as a pedestrian (*Kennedy* v. *U-Haul Co. Inc.* 360

---

[2] The expert also testified, over the objection and exception of the defendant, that the positraction differential he received was the one indicated on the bill. The exception is not pressed.

Mass. at 71) or other stranger (*Clancy* v. *R. O'Brien & Co. Inc.* 345 Mass. 772 [1963]). See *Mitchell* v. *Lonergan*, 285 Mass. 266, 270 (1934); *Burke* v. *Firestone Tire & Rubber Co.* 319 Mass. 372, 373 (1946); Restatement 2d: Torts, § 395, comment i, p. 330, and § 404, p. 364 (1965). See also G. L. c. 106, § 2-318, as amended by St. 1971, c. 670, § 1.

Other jurisdictions have taken the same view. *General Motors Corp.* v. *Jenkins*, 114 Ga. App. 873, 874, 878-879 (1966) (as in this case, a guest passenger in an automobile driven by the son of the owner could recover against the party who negligently repaired the vehicle). See also *Royal Motors Inc.* v. *Murray*, 275 F. 2d 3 (D. C. Cir. 1960); *Kalinowski* v. *Truck Equip. Co. Inc.* 237 App. Div. (N. Y.) 472 (1933); *Oliver* v. *Bereano*, 267 App. Div. (N. Y.) 747 (1944), aff'd. without opinion 293 N. Y. 931 (1944); *Zierer* v. *Daniels*, 40 N. J. Super. 130 (1956); *Morgan* v. *Mixon Motor Co.* 10 Ill. App. 2d 323, 329 (1956).

*Exceptions overruled.*