## COMMONWEALTH vs. STEPHEN L. COVIELLO.

Middlesex. April 4, 1979. — July 27, 1979.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, LIACOS, & ABRAMS, JJ.

*Evidence*, Prior conviction. *Witness*, Impeachment. *Error*, Harmless
error.

Neither the defense nor the prosecution in a criminal case is unaltera-
bly entitled to elicit on direct examination of its own witnesses the
facts concerning any prior convictions they may have. [532-533]
At a criminal trial, the judge's failure to exercise his discretion with
regard to the order of introduction in evidence of the defendant's
criminal records did not constitute reversible error. [533]

INDICTMENT found and returned in the Superior Court
on November 9, 1976.

The case was tried before *Lappin*, J.

After review by the Appeals Court, the Supreme Judi-
cial Court granted leave to obtain further appellate re-
view.

*John C. McBride* for the defendant.

*Susan C. Mormino*, Assistant District Attorney, for the
Commonwealth.

LIACOS, J. A jury found the defendant guilty on both
counts of an indictment charging rape.[1] The defendant
appealed the judgments of conviction. The Appeals Court
set them aside, holding that the trial judge had errone-
ously precluded defense counsel from eliciting evidence of
the defendant's prior convictions during counsel's direct
examination of the defendant.[2] We granted the Common-

---

[1] The defendant was sentenced to a term of not less than seven nor
more than ten years' imprisonment on the first count and to a like
sentence on the second count to be served concurrently.

[2] *Commonwealth* v. *Coviello*, 7 Mass. App. Ct. 21 (1979).

wealth's application for further appellate review. We affirm the judgments of conviction.

The relevant factual and procedural background of the case is set forth in the Appeals Court's decision. Essentially, the case for the prosecution was as follows: the defendant approached the victim and her companion at a cocktail lounge, and conversed with them; later in the evening, having become separated from her companion, the victim accepted the defendant's offer to drive her home in his car; the defendant drove instead to a secluded area, and forced the victim to engage in sexual activity with him.

In anticipation of the defendant's appearance on the stand, his counsel moved (in the absence of the jury) to suppress all evidence of the defendant's prior convictions[3] which could be introduced by the prosecution to impeach the defendant pursuant to G. L. c. 233, § 21. That motion was denied.[4]

The defendant testified that the sexual relations between himself and the victim were consensual. At the conclusion of the direct examination of the defendant, defense counsel asked the defendant if he had ever been in court before, and the prosecutor objected. Counsel offered to prove the defendant would testify that, on two separate occasions, he pleaded guilty to "assault and battery" and to "lewd and lascivious conduct." The judge excluded the inquiry, stating: "The thing which prohibits you is the rule that says you can't impeach your own witness." The defendant duly excepted. The four convictions enumerated above (see note 3, *supra*), subsequently were brought out at two distinct junctures in the prosecu-

---

[3] Those convictions included one of assault and battery, one of open and gross lewdness and lascivious behavior (G. L. c. 272, § 16), and two of being a wanton, lewd and lascivious person in speech and behavior (G. L. c. 272, § 53).

[4] The defendant does not now argue error based on that denial. See *Commonwealth* v. *Leno*, 374 Mass. 716 (1978).

tion's cross-examination of the defendant. At both times, and in his charge, the judge instructed the jury appropriately with respect to the limited purpose for which the convictions could be considered.

The Appeals Court determined that reversal of the judgments against the defendant was required under either of two interpretations of *Commonwealth* v. *Cadwell*, 374 Mass. 308 (1978).[5] First, the court read *Cadwell* as assigning to the defense "a right, equal to and coextensive with that of the prosecution, to elicit on direct examination of its own witnesses the facts concerning any convictions they may have which would be admissible in evidence if offered by the prosecution under the provisions of G. L. c. 233, § 21." 7 Mass. App. Ct. at 24-25. We cannot agree with that construction. While some courts apparently have held that the prosecution, at least, is "entitled" to engage in the "anticipatory maneuver" described above (see, e.g., *State* v. *Ciulla*, 115 R.I. 558, 568 [1976]; *United States* v. *Rothman*, 463 F.2d 488, 490 [2d

---

[5] The prosecution in *Cadwell* called as its witness a person who had been indicted for the same murder with which the defendant was charged. The prosecutor elicited from this witness the fact that she had pleaded guilty to a lesser offense. The defense objection was not timely. Nonetheless, the court stated in dictum: "Had the objection been timely made in the same form, the judge would have been justified in overruling it and permitting the prosecution to question [the witness] as it did. When the prosecution tenders as its witness a person with a criminal record, it sometimes starts by eliciting this history. (The defense sometimes does the same when offering such a witness on its part.) The interrogation should not be regarded as an impeachment of the prosecution's own witness prohibited by G. L. c. 233, § 23 [citations omitted], nor can the defense claim a right to bring out the damaging facts for the first time in a perhaps more dramatic way on cross-examination. This 'is not something which is to be reserved for the pleasure and strategy of the defense.' *United States* v. *Freeman*, 302 F.2d 347, 350 (2d Cir. 1962). The jury are entitled to the information for its bearing on the value of the witness's testimony, and the prosecution might indeed on occasion suffer unfairly in the estimation of the jury for attempting to conceal the criminal record if it did not come forward with it." *Commonwealth* v. *Cadwell*, 374 Mass. 308, 312 (1978).

Cir. 1972]), this court has never so held. The essential import of *Cadwell* is that the jury are entitled to information regarding the witness's prior conviction as that information bears on his credibility, but that neither party has an unalterable prerogative to bring out these facts at a particular time and "in a perhaps more dramatic way." *Cadwell, supra* at 312. See *State* v. *Fleming,* 117 Ariz. 122 (1977); *People* v. *DeHoyos,* 64 Ill. 2d 128 (1976); see also Underwood, J., dissenting in *People* v. *DeHoyos, supra* at 133.

Alternatively, the Appeals Court grounded its reversal on the judge's failure to apply his discretionary power with regard to the order of introduction in evidence of the criminal records. We agree that "the question of who will offer a criminal record is one of the order of proof which is to be determined by the trial judge in the exercise of his discretion." *Commonwealth* v. *Coviello,* 7 Mass. App. Ct. 21, 25 (1979). See *Commonwealth* v. *Blodgett,* 377 Mass. 494, 502 (1979). Cf. *Commonwealth* v. *Saarela,* 376 Mass. 720, 723 (1978). See generally W.B. Leach & P.J. Liacos, Massachusetts Evidence 64 (4th ed. 1967). We agree also that the judge denied the defendant access to the exercise of such discretion,[6] and that this denial was erroneous.[7] See, e.g., *Commonwealth* v. *Fontain,* 127 Mass. 452, 455 (1879); *Peterson* v. *Cadogan,* 313 Mass. 133, 134-135 (1943). However, we think the error was not so grave as to require reversal of the convictions. At worst,[8] the de-

---

[6] As noted above, the judge ruled improperly that "[t]he thing which prohibits you is the rule that says you can't impeach your own witness." In short, we adhere to the view expressed in *Cadwell* that such procedure does not constitute impeachment of one's own witness.

[7] We note that *Commonwealth* v. *Cadwell, supra,* was decided after the trial of the case at bar.

[8] Even if the judge had exercised his discretion in this matter, we can only speculate as to whether or not he would have allowed the inquiry on direct examination. Had he decided to preclude it, his determination would have been subject to rather narrow scrutiny. *Commonwealth* v. *Bys,* 370 Mass. 350, 361 (1976) (to sustain a claim of abuse of discretion by a trial judge, we must decide that "no conscien-

fendant was deprived of the opportunity to prevent the misleading impression (created by the initial extraction of the convictions on cross-examination) that he had tried to conceal something from the jury. Had the inquiry been permitted on direct examination he might have succeeded in drawing some of the sting. The real venom, however, the obstinate fact of the prior convictions, could not be neutralized by the anticipatory tactic. Although the element of surprise might thereby be diminished, the prosecution could still elicit the fact of the convictions on cross-examination so as effectively to damage the defendant's credibility. In this light, and viewing the substantial evidence in the record supporting the jury's verdicts, we regard the judge's failure to exercise his discretion in this matter as harmless error. See *State* v. *Pearce*, 22 Ariz. App. 338 (1974). See also *State* v. *Gilbert*, 282 Or. 309 (1978).

Because it was deemed likely to arise at a new trial, the Appeals Court also addressed an issue raised by the defendant regarding the admissibility of certain other disputed testimony. Although the question was briefed and argued before the Appeals Court, in oral argument to this court it was waived by defense counsel as an alternative basis for reversal of the convictions. Further comment on the subject is therefore unwarranted here.

*Judgments of the Superior*
*Court affirmed.*

tious judge, acting intelligently, could honestly have taken the view expressed by him").