COMMONWEALTH *vs.* THOMAS HURLEY.

No. 91-P-232.

Middlesex. April 24, 1992. - June 3, 1992.

Present: ARMSTRONG, FINE, & LAURENCE, JJ.

*Evidence*, Prior conviction, Credibility of witness. *Witness*, Impeachment.
   *Practice, Criminal*, Assistance of counsel, Impeachment by prior con-
   viction, Instructions to jury.

At a criminal trial, defense counsel's decision not to ask for an instruction
   limiting the jury's consideration of the defendant's prior convictions to
   their bearing on his credibility was not shown to be other than a reason-
   able tactical choice in the circumstances and did not demonstrate inef-
   fective assistance of counsel. [621-623]

INDICTMENT found and returned in the Superior Court De-
partment on April 26, 1989.

The case was tried before *James F. McHugh*, J.

*Mary T. Bowe* for the defendant.

*Sabita Singh*, Assistant District Attorney (*David R.
Marks*, Assistant District Attorney, with her) for the
Commonwealth.

ARMSTRONG, J. The defendant was convicted by a jury and
sentenced on an indictment for armed robbery while masked.
The appeal asserts ineffective assistance of trial counsel,
demonstrated, the defendant claims, by five particular omis-
sions. Four of these require no discussion.[1] The fifth is a

---

[1] We consider these claims to be without merit for the reasons stated in
the Commonwealth's brief. We reject, however, the Commonwealth's sug-
gestion that we analyze these claims under art. 12 of the Massachusetts
Declaration of Rights, the defendant not having done so. See *Common-
wealth* v. *Perez*, 411 Mass. 249, 256 (1991). We also reject the suggestion
that the defendant could have filed an affidavit in this court, not having
filed one in the trial court, in support of his current claims. See
Mass.R.Crim.P. 30(c)(3), 378 Mass. 901 (1979).

claim that trial counsel was deficient in failing to ask for an instruction limiting the jury's consideration of the defendant's prior convictions to their bearing on his credibility.

As the defendant was to testify, his trial counsel filed in limine a "*Chase*" motion, i.e., a motion addressed to the judge's discretion under *Commonwealth* v. *Chase*, 372 Mass. 736, 750 (1977), to preclude the prosecutor from impeaching the defendant by introducing his prior criminal convictions (G. L. c. 233, § 21). In two rulings that we construe as disposing of the *Chase* motion (most of the discussion had to do with technical conditions for admissibility such as authenticity and representation by counsel), the judge drew the line between robbery convictions, which he would exclude if there were any (so far as appears there were not), and others, including larceny, which had more attenuated similarity to the crime charged. Thus forewarned to expect impeachment, the defendant's counsel attempted to draw the sting by asking the defendant, on direct examination, about his two prior convictions of breaking and entering in the nighttime. We do not understand the defendant to complain on appeal of this tactical choice, which is not uncommon. See, e.g., *Commonwealth* v. *Cadwell*, 374 Mass. 308, 312 (1978); *Commonwealth* v. *Coviello*, 7 Mass. App. Ct. 21, 24-25, *S.C.*, 378 Mass. 530, 531 (1979); *Commonwealth* v. *Rossi*, 19 Mass. App. Ct. 257, 258 (1985); *Commonwealth* v. *Childs*, 23 Mass. App. Ct. 33, 35 (1986), *S.C.*, 400 Mass. 1006 (1987) and 31 Mass. App. Ct. 64 (1991); *Commonwealth* v. *DeCastro*, 24 Mass. App. Ct. 937, 938 (1987). Rather, he complains that his trial counsel neglected to ask for a limiting instruction, because, as the judge did not volunteer one, the two prior convictions were in evidence for all purposes, leaving the jury free, presumably, to draw an inference of guilt from his bad character.

It could reasonably be argued that a defendant who elects to introduce his prior convictions is not entitled to a limiting instruction, because the evidence has not been put in for the purpose of impeaching his credibility. Thus, it was said in *Commonwealth* v. *Cadwell*, 374 Mass. at 312: "The interro-

gation should not be regarded as an impeachment of the [proponent's] own witness prohibited by G. L. c. 233, § 23 . . . ." But the *Cadwell* decision itself suggests that "[i]nstruction by the judge about the exact significance of the testimony [i.e., the prior convictions] is of course advisable." *Ibid.* Realistically, the defense puts in the evidence only because the prosecution will do so otherwise; the basis for admissibility is the same. It is now settled that "the question of who will offer a criminal record is one of the order of proof which is to be determined by the trial judge in the exercise of his discretion." *Commonwealth* v. *Coviello*, 7 Mass. App. Ct. at 25, quoted in *S.C.*, 378 Mass. at 533. We proceed, therefore, on the assumption that a defendant who anticipatorily introduces his own prior convictions on direct examination is entitled to a limiting instruction should he request it.

It has been held, however, that the right is one that is waived if not brought to the judge's attention. *Commonwealth* v. *Cook*, 351 Mass. 231, 237, cert. denied, 385 U.S. 981 (1966). *Commonwealth* v. *Whitehead*, 379 Mass. 640, 661 (1980). In the latter decision it was suggested that "the omission [to ask for a limiting instruction was] quite possibly tactical," *ibid.*, presumably because the downside of the limiting instruction is to inform the jurors that they *may* draw inferences adverse to the defendant's truthfulness from the prior convictions. *Whitehead* presented the usual context, where the defendant is impeached by prior convictions during the Commonwealth's cross-examination. Where a defendant puts in the prior convictions anticipatorily, a limiting instruction may give more emphasis to the convictions then he would wish — particularly where the defensive use of the prior convictions succeeds in closing the matter. That was the case here: the Commonwealth did not rehash the prior convictions on cross-examination (*Commonwealth* v. *Coviello*, 378 Mass. at 534, points out that it could do so), nor did the prosecutor mention them in his closing argument. In this situation, the defendant's counsel might well reason that it would be counterproductive to ask for a limiting instruction

that would remind the jurors of the prior convictions and accord them some probative force.

Tactical choices must be reviewed in context. In the abstract it is easy to postulate that the limiting instruction, intended to confine the probative force of prior convictions to a single question, must always be of value to a defendant thereby impeached. But the single question — the defendant's truthfulness — is sometimes the structural support for his defense. In this circumstance, the defendant's counsel might well reason that the technical effect of the instruction would be of little practical value to the defendant and that his purposes would be better served by downplaying the prior convictions. An omission to request a limiting instruction can be a reasonable extension of the strategy of introducing prior convictions defensively after a *Chase* motion is denied. This record gives no reason for concluding that defense counsel's omission was other than a reasonable tactical choice.

*Judgment affirmed.*