COMMONWEALTH *vs.* TIMOTHY A. ELMES. No. 96-P-64. July 1, 1997. *Practice, Criminal,* Appeal, Assistance of counsel, Instructions to jury. *Assault and Battery by Means of a Dangerous Weapon.*

The defendant appeals from convictions of armed robbery (G. L. c. 265, § 17) and assault and battery by means of a dangerous weapon (G. L. c. 265, § 15A). We must decide whether: (1) trial counsel was ineffective in failing to summon a witness, seeking to introduce the defendant's prior convictions, and refraining from requesting a limiting instruction on the defendant's prior convictions; and (2) the judge erred in instructing the jury with respect to a dangerous weapon.

The Commonwealth's evidence was as follows. On November 13, 1992, Edik Nazarian was assaulted and robbed in Taunton. He reported the incident to the police department the next day and identified the defendant as his attacker from a catalog of pictures. On the night in question, Nazarian played pool with the defendant and Rick Mello in a bar in Taunton and Mello lost ten dollars in a pool game against another man. After an argument, the four men went outside. Nazarian walked away, but the defendant and Mello followed him in an automobile. The defendant pulled a knife out of his pocket, held it to Nazarian's throat and ordered him into the automobile. After driving about for ten to fifteen minutes, the two men ordered Nazarian out of the automobile. The defendant again held the knife to Nazarian's throat and this time threatened to kill him. The men stole Nazarian's money (forty-five dollars), credit cards and coat. At trial, defense counsel did not summon Mello to testify to corroborate the defendant's testimony as to what had transpired, which was different from Nazarian's version.

First, on the inadequate record before us, we decline to decide the defendant's claims of ineffective assistance of counsel. In the circumstances, those issues should be raised, if at all, on a record on an appeal from a determination on a motion for new trial, where the trial judge could decide, after an evidentiary hearing, whether (a) Mello would have testified and provided a defense for the defendant; (b) defense counsel's failure to sum-

mons Mello was a strategic decision to avoid a second recitation of the incident or a potentially damaging cross-examination; (c) defense counsel would have introduced certain prior convictions if the judge had not interrupted him[1]; and (d) defense counsel had a strategic reason for not requesting a limiting instruction on the issue of prior convictions. See *Commonwealth* v. *Hurley*, 32 Mass. App. Ct. 620, 622 (1992) (limiting instruction may give more emphasis to convictions). See generally *Gibney* v. *Commonwealth*, 375 Mass. 146, 148 (1978) (appellate courts decline to decide "constitutional arguments raised by the petitioners [when they are] based on factual questions that are best left for resolution in the first instance by the trial judge on a motion for new trial"); *Commonwealth* v. *Adamides*, 37 Mass. App. Ct. 339, 344 (1994) ("A claim of ineffective assistance may be resolved on direct appeal of the defendant's conviction [only] when the factual basis of the claim appears indisputably on the trial record"). As such, these are not appropriate issues for decision on direct appeal.

Second, the judge did not err in instructing the jury that they could find, but did not have to, that the knife described in the evidence was a dangerous weapon. See *Commonwealth* v. *Graves*, 35 Mass. App. Ct. 76, 88-89 (1993). When the judge instructed the jury on the elements of armed robbery, he used a knife as an example while explaining the element of being armed with a dangerous weapon: "A knife, I charge you, in the circumstances defined by the alleged victim in this case could be characterized by you as a dangerous weapon." Then, while explaining assault and battery by means of a dangerous weapon, the judge again referred to the knife: "Dangerous weapon, as I said earlier, is an item which by its nature is capable of causing serious injury or death; and I instruct you that you may, but don't have to, find that the knife described in the evidence was a dangerous weapon." As there was no objection to the judge's instructions, we review this issue under the "substantial risk of a miscarriage of justice" standard. *Commonwealth* v. *Robicheau*, 421 Mass. 176, 184 n.7 (1995).

Here, where the judge explained the element of dangerous weapon and gave an example, but also instructed the jury on the Commonwealth's burden of proof and that they, as the finders of fact, were responsible for deciding whether the knife in evidence was a dangerous weapon, there was no substantial risk of a miscarriage of justice. See *Commonwealth* v. *Tarrant*, 367 Mass. 411, 416 (1975); *Commonwealth* v. *Appleby*, 380 Mass. 296, 303-307 (1980); *Commonwealth* v. *Salone*, 26 Mass. App. Ct. 926, 929-

---

[1]Defense counsel abandoned his questioning of the defendant on his prior convictions after the judge interrupted him and conducted a side-bar at which the prosecutor said: "I don't intend to offer any evidence of prior convictions at all. I never do that." Thus, defense counsel's questioning never reached the substance of the prior convictions, and, in any event, even if he had and we were to decide this issue, his actions probably would not constitute ineffective assistance of counsel. See *Commonwealth* v. *Blodgett*, 377 Mass. 494, 502 (1979) ("The reason for permitting a party to bring out the criminal record of his own witness is to avoid having the jury draw the inference that the party calling the witness had misled or deceived the jury as to the background of the witness . . . a party seeking to elicit such information remains subject to the trial judge's control as to the order of proof").

930 (1988); *Commonwealth* v. *Graves*, 35 Mass. App. Ct. at 88-89. Cf. *Commonwealth* v. *Ferguson*, 365 Mass. 1, 10 (1974).

*Judgments affirmed.*

The case was submitted on briefs.

*Mary F. Costello & Emanuel J. Markis* for the defendant.

*Paul F. Walsh, Jr.*, District Attorney, & *David Keighley*, Assistant District Attorney, for the Commonwealth.