The defendant, Janena E. Williams, was tried before a jury in the Dorchester Division of the Boston Municipal Court and was convicted of assault and battery by means of a dangerous weapon. On appeal from her conviction, the defendant raises several claims of error. We discern no cause to disturb the conviction and affirm the judgment, addressing the defendant's claims in turn.
1. Background. The defendant was charged with stabbing her neighbor. According to the Commonwealth, the defendant attacked the victim, whom she had accused of stealing her cellular telephone (cell phone). A prolonged confrontation ensued, in which the victim was stabbed. A knife was recovered, along with other items, when the police saw the defendant giving the items to a neighbor. The defense was that the defendant fell asleep and awoke to find the victim attempting to perform oral sex on her. She pushed him away and he fell on broken glass, and later dripped blood on the knife.
At trial the Commonwealth introduced, among other things, the results of deoxyribonucleic acid (DNA) tests on a pubic swab of the defendant and a red substance on the tip of the knife. The DNA test of the pubic swab was inconclusive. The serology expert found amylase on the swab, which indicated the possible presence of saliva, but the DNA expert could neither include nor exclude the victim as one of two minor contributors.[2] The DNA test on the knife included the victim as the source of blood on the knife.
2. Closing argument. The defendant contends that the prosecutor improperly implied during closing argument that the DNA test for saliva on a pubic swab, which was inconclusive, disproved the defendant's self-defense claim.
"Remarks made during closing arguments are considered in the context of the entire argument." Commonwealth v. Martinez, 476 Mass. 186, 200 (2017), quoting Commonwealth v. Viriyahiranpaiboon, 412 Mass. 224, 231 (1992). The prosecutor said, "[t]he results of that test I would suggest are very important in helping you find the truth in this case." In context, it is clear that the prosecutor's closing argument referred to the conclusive DNA test for blood on the knife, not the inconclusive DNA test for the defendant's saliva on the pubic swab. The statement was a permissible response to defense counsel's closing argument that the possible presence of saliva on the pubic swab corroborated the defendant's claim of self-defense. After describing the care taken in collecting and testing the DNA, the prosecutor noted that both the defendant and victim had credibility issues, before calling the jury's attention to evidence tending to show that the victim's DNA was on the knife. The prosecutor acknowledged that some evidence was equivocal, but focused the jury's attention on the DNA on the knife. We can detect no error in this line of reasoning.[3]
The defendant also submits that the prosecutor's argument that the defendant made up a story about the rape was fundamentally unfair because of the absence at trial of a possible first complaint witness, the neighbor to whom the knife was given. The witness was scheduled to appear for the Commonwealth, but failed to appear through no fault of either party; the prosecutor did not take unfair advantage of the witness's absence.[4] In addition, both the prosecution and the defense referred (favorably) to what they expected the missing witness to say in their opening statements. The defendant was not "sandbagged"; both parties had relied on the anticipated testimony of the neighbor. Both sides were disadvantaged, and there was no "adverse inference ... warranted on the facts of the case" from the failure of the witness to appear. Commonwealth v. Saletino, 449 Mass. 657, 670 (2007).
3. Jury question instruction. In response to a jury request for clarification on "the three things [they] have to believe beyond a reasonable doubt," the judge reiterated the elements for assault and battery by means of a dangerous weapon. The defendant maintains that the judge should have reinstructed on self-defense, in part because the Commonwealth also has the burden of disproving self-defense, and because the jury's question about the "three elements" could have referred to three elements of self-defense, rather than the elements of the offense. We review the judge's response for an abuse of discretion. Commonwealth v. Waite, 422 Mass. 792, 807 n.11 (1996).
We find no error in the judge's clarification of the elements of the offense but not the elements of self-defense. Had the jury intended to request clarification about self-defense and not the elements of assault and battery by means of a dangerous weapon, they surely would have informed the judge of their continuing confusion after receiving a reinstruction on an issue about which they had not inquired. Although it may have been the better practice to remind the jury that the Commonwealth also carried the burden of proving the absence of self-defense, the judge was not required to repeat the self-defense instruction. Where a "jury's question [is] a limited one, ... 'the judge [is] not required to repeat the whole or any part of his original instructions to them.' " Commonwealth v. Barros, 425 Mass. 572, 577 (1997), quoting Commonwealth v. King, 366 Mass. 6, 11 (1974), cert. denied sub nom. McAlister v. Massachusetts, 419 U.S. 1115 (1975).
Even if there were some error, which there was not, there was no substantial risk of a miscarriage of justice. See Commonwealth v. Dussault, 71 Mass. App. Ct. 542, 544 (2008). The defendant's and the victim's stories were diametrically opposed, and the jury's verdict necessarily rejected the defendant's version of events.
4. Impeachment by evidence of prior conviction. The defendant contends that the judge erred by failing to give an agreed upon limiting instruction after the defendant testified on direct examination about a prior conviction. Defense counsel raised the prior conviction to blunt its impact on cross-examination. In response to a defense motion, the judge agreed to give the instruction, but inadvertently omitted it. Defense counsel did not object at the close of the instructions.
Although the prosecutor had filed a motion to enter evidence of the defendant's prior conviction and had offered to provide the certified conviction to the judge, the prosecutor never raised the issue of a prior conviction or entered the certified conviction in evidence. As a result, we are faced with the threshold question whether the defendant was impeached by the acknowledgment of a prior conviction, and therefore entitled to a limiting instruction. Because the defendant raised her prior conviction prophylactically in response to the prosecutor's stated intention to discuss the conviction on cross-examination, we conclude that her claim to a limiting instruction does not turn on whether the prosecution actually followed through with its stated plan to impeach. The defendant was entitled to a limiting instruction. See Commonwealth v. Hurley, 32 Mass. App. Ct. 620, 622 (1992) ("a defendant who anticipatorily introduces [her] own prior conviction[ ] on direct examination is entitled to a limiting instruction should [she] request it").
Because the omission of a limiting instruction was error and because the defendant did not timely object, we assess the error to determine whether it created a substantial risk of a miscarriage of justice. See Commonwealth v. Johnson, 431 Mass. 535, 542 (2000). Here, there is little risk because the defendant's prior crime (theft of a purse) is dissimilar to the charged crime (assault and battery by means of a dangerous weapon). See Commonwealth v. Leftwich, 430 Mass. 865, 869 (2000), quoting Commonwealth v. Drumgold, 423 Mass. 230, 250 (1996) ("Generally, in order for the prejudicial effect to outweigh the probative value of prior conviction evidence, the 'prior conviction must be substantially similar to the charged offense' "). Moreover, the only reference to the defendant's prior conviction was made by the defendant and her attorney using terms intended to minimize the prior offense ("[Y]ou had a little run in with the law?"). This admission was not mentioned by the prosecutor on cross-examination or in closing argument. Consequently, the absence of a limiting instruction did not create a substantial risk of a miscarriage of justice.
Judgment affirmed.

The defendant was the major contributor.

Moreover, we see no substantial risk of a miscarriage of justice. See Commonwealth v. Brown, 479 Mass. 600, 609-610 (2018), citing Commonwealth v. Dirgo, 474 Mass. 1012, 1016 (2016). The trial judge twice instructed jurors that counsels' arguments were not evidence. Additionally, the Commonwealth's evidence was strong. See Commonwealth v. Russo, 49 Mass. App. Ct. 579, 584 (2000).

The prosecutor had attempted to secure the testimony of the neighbor by issuing a subpoena, arranging and paying for the witness's cab, and verifying that the witness was in the court room when the trial began. The witness left court midtrial. The judge granted a recess to try to locate the witness, who did not return.