**James L. GORUM, Petitioner-Appellee,**

**v.**

**Walter E. CRAVEN, Warden, Folsom State Prison, Respondent-Appellant.**

**No. 71-3017.**

United States Court of Appeals, Ninth Circuit.

Aug. 18, 1972.

Russell Iungerich, Deputy Atty. Gen. (argued), S. Clark Moore, Deputy Atty. Gen., Doris H. Maier, Asst. Atty. Gen., Herbert L. Ashby, Chief Asst. Atty. Gen., Evelle J. Younger, Atty. Gen., Los Angeles, Cal., for respondent-appellant.

Mark Himelstein (argued), Richard M. Sims, III, of Penrod, Himelstein, Savinar & Sims, San Francisco, Cal., for petitioner-appellee.

Before MERRILL and KILKENNY, Circuit Judges, and TAYLOR,* District Judge.

TAYLOR, District Judge:

The appellee, James L. Gorum, was convicted and sentenced on two counts of armed robbery in violation of the California Penal Code, Section 211 in the Superior Court of the County of Los Angeles.

After having exhausted his state remedies, appellee filed a petition for a writ of habeas corpus in the United States District Court for the Central District of California, which court made and entered an order conditionally granting the petition. The appellant has appealed from this order and we affirm.

The question presented to the District Court and here is whether appellee's Sixth Amendment rights to confrontation were violated when the testimony of the state's principal and only witness was introduced as evidence against appellee at trial from the transcript of the preliminary hearing over the objection of his counsel. The District Court held that they were and we agree.

The undisputed facts reveal that just prior to trial on the first day thereof, the prosecution informed counsel for appellee that the victim of the robbery alleged in one count, a Mr. Phillip Smith, was living in New Jersey and would not be available as a witness at the trial. During a conference in chambers, the prosecution indicated that it planned to introduce Mr. Smith's testimony from the preliminary hearing at which time appellee's counsel objected.

It appears that the prosecution had subpoenaed Smith several weeks prior to the date of trial and had planned to have him fly to California to testify. When the prosecutor telephoned to arrange for Smith's trip to California, he was informed by Smith's wife, who was in "tears", that "he had just gotten a job and he would lose his job. . . ." It was then that the prosecution decided to introduce the transcript of the preliminary hearing instead of having the witness Smith appear at the trial. The decision was apparently made by the prosecution solely on the statements made to him via telephone by Smith's wife without contacting or talking to the witness personally or to his employer. No other effort was made by the prosecution to obtain the appearance of this witness at the trial and appellee's counsel was not informed he would not be present until the day of and prior to trial. Nevertheless, on this showing the trial court admitted the testimony of Smith from the preliminary hearing as evidence over the objection of counsel for appellee and no other evidence or testimony was presented on that particular count.

The transcript of a witness's testimony given at a preliminary hearing may not be introduced at the trial of a criminal case unless the prosecution has made a "good faith effort" to obtain the witness's appearance at the trial. Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968).

---

* The Honorable Fred M. Taylor, Senior United States District Judge, District of Idaho, sitting by designation.

*Barber* was held to apply retroactively in Berger v. California, 393 U.S. 314, 315, 89 S.Ct. 540, 21 L.Ed.2d 508 (1969). In *Barber,* the Court indicated that if the prosecution fails to make use of the Uniform Act, it has not made the required "good faith effort" and cannot use prior testimony. See Daboul v. Craven, 429 F.2d 164–167 (9th Cir. 1970). The Uniform Act referred to has been in effect in California since 1937 and in New Jersey since 1941. California Penal Code, Sec. 1334 et seq.; New Jersey Stats.Ann., Sec. 2A: 81–18 et seq.

The Uniform Act provides a procedure for determining whether, because of hardship, a witness should not be required to appear at trial, which procedure was not employed in this case, even though the prosecution had ample opportunity to do so. In Barber v. Page, supra, 390 U.S. at page 724, footnote 4, 88 S.Ct. at page 1321, the Court stated:

"For witnesses not in prison, the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings provides a means by which prosecuting authorities from one State can obtain an order from a court in the State where the witness is found directing the witness to appear in court in the first State to testify."

which indicates that the burden is on the prosecution to use the Uniform Act to secure the attendance of a witness.

Assuming arguendo that in the circumstances of this case the prosecution should not have been required to resort to the Uniform Act before introducing the prior testimony of its witness given at the preliminary hearing, the record here does not show that a "good faith effort" to produce the witness was otherwise made.

Appellant seems to contend that in this case the appellee should have re-sorted to the provisions of the Uniform Act in order to obtain the presence of the witness Smith at the trial and for this purpose should have requested a continuance in order to do so. This argument is untenable. The prosecution has the burden of making a "good faith effort" to produce its witness at trial and to make an adequate showing that the witness is actually unavailable. See United States v. Clinton Harless, 464 F. 2d 953 (C.A. 9 July 12, 1972). It is not reasonable that this burden can be shifted to the defendant, especially where, as here, the defense was not informed until the day of trial that the witness would not be present. Appellee had the right to expect that the witness Smith would be present and to be confronted by him at trial. It was not incumbent on appellee to ask for a continuance so as to make an effort to produce the witness for the prosecution. In *Barber,* supra, 390 U.S. at p. 725, 88 S.Ct. at p. 1322, the Court said:

"The right to confrontation is basically a trial right. It includes both the opportunity to cross-examine and the occasion for the jury to weigh the demeanor of the witness. A preliminary hearing is ordinarily a much less searching exploration into the merits of a case than a trial, simply because its function is the more limited one of determining whether probable cause exists to hold the accused for trial."

We conclude that the record in this case does not show that the prosecution made a "good faith effort" required of it to obtain the attendance of the witness Smith at appellee's trial and accordingly, it was error for the trial court to admit in evidence the prior testimony of the witness Smith given at the preliminary hearing.

Affirmed.