COMMONWEALTH *vs.* FRANCIS C. BRODERICK. June 30, 1983. *Wilful, Wanton or Reckless Conduct.*

The defendant appeals from his conviction on a complaint charging him with assault and battery by means of a dangerous weapon (a revolv-

er). G. L. c. 265, § 15A. He argues that it was error to deny his motion for a required finding of not guilty, Mass.R.Crim.P. 25, 378 Mass. 896 (1979), because the Commonwealth failed to prove that the defendant's act was either intentional or wilful, wanton, and reckless. We affirm.

We consider whether the evidence, when viewed in the light most favorable to the Commonwealth, and with permissible inferences therefrom, was sufficient with respect to each essential element of the crime to have "satisfied a rational trier of fact of each such element beyond a reasonable doubt." *Commonwealth* v. *Latimore*, 378 Mass. 671, 678 (1979). There was evidence of the following facts.

During the week leading up to the incident in question, the defendant and his wife, the victim, had been arguing about her intention to divorce him because, as she had told him, she was tired of supporting him (he had been unemployed for about four months) and he was "holding" her back. On the afternoon of the shooting, the defendant arrived home in an angry mood. He was carrying a loaded .38 caliber snub nose revolver in a holster which was clipped to the left inside of his trousers. (The defendant planned to go to a gun club later to practice target shooting.) The wife was seated in a rocking chair, her two small dogs standing a few feet in front of her. An argument ensued, and the defendant became angrier and louder as he shouted at the wife about her therapist and his advice that she divorce the defendant. One of the dogs (who had never displayed affection for the defendant) began to bark and growl at the defendant as he walked toward his wife. The defendant stood a few feet from the wife and kicked her barking dog. He next drew his revolver, cocked the hammer, and pointed it at the animal. The wife leaned forward in the chair, extending her arm to her dog. She testified that she remained in that position for thirty seconds to a minute, during which time neither she nor the defendant spoke — "he wasn't saying anything. I don't know what he was thinking." The defendant then turned away from the dog while raising the revolver (he testified he raised the revolver to return it to his holster); he and the revolver were now facing in the victim's direction, and the victim was shot through the shoulder.

The defendant testified that the shooting accidentally occurred as he was returning the revolver to its holster. The wife stated that she believed that the defendant did not intend to shoot her and that she still cared for him a great deal.

There was expert testimony from a firearms instructor that, based upon the defendant's description of the manner in which he had cocked the hammer of the revolver, the defendant had placed the revolver in a "single-action" position. The defendant was knowledgeable about firearms, and he had admitted to the police that when he cocked the hammer, he knew that his revolver was ready to be fired.

Even were we to conclude that the evidence was insufficient to prove beyond a reasonable doubt that the defendant had intentionally shot his wife, "[t]he law recognizes . . . an alternative form of assault and battery in which proof of a wilful, wanton and reckless act which results in personal injury to another substitutes for (or in some cases is said, with some imprecision, to allow the 'inference' of) intentional conduct." *Commonwealth* v. *Welch, ante* 271, 274 (1983), citing Nolan, Criminal Law § 322, at 172-173 (1976). We conclude that the evidence was sufficient to allow the jury to find that the defendant had acted in a wilful, wanton, and reckless manner when, in the middle of a highly charged argument punctuated by barking and growling, the defendant stood near his wife, cocked the hammer of his revolver, and pointed it in her direction, knowing that it would then be ready to fire and could easily discharge. "The essence of wanton or reckless conduct is intentional conduct, by way either of commission or of omission where there is a duty to act, which conduct involves a high degree of likelihood that substantial harm will result to another. . . . [Citations omitted.] Wanton or reckless conduct amounts to what has been variously described as indifference to or disregard of probable consequences." *Commonwealth* v. *Godin,* 374 Mass. 120, 129 (1977), quoting from *Commonwealth* v. *Welansky,* 316 Mass. 383, 399 (1944). See also *Commonwealth* v. *Michaud,* 389 Mass. 491, 495-496, 499 (1983).

*Judgment affirmed.*

*David L. Valdina* for the defendant.
*David P. Linsky,* Assistant District Attorney, for the Commonwealth.


