COMMONWEALTH vs. THOMAS W. CHILDS.* September 18, 1985. *Evidence*, Prior conviction. *Practice, Criminal,* Failure to make objection, Grand jury proceedings, Comment by prosecutor. *Error*, Harmless.

The defendant appeals from his conviction of second degree murder on an indictment charging first degree murder. Our review of the circumstances of this case has disclosed no adequate basis for establishing that the defendant was unfairly prejudiced or that he is otherwise entitled to a reversal of his conviction. We address the defendant's claims of error seriatim.

1. *Impeachment of the Defendant.*

Asserting error in the introduction of his prior convictions, the defendant makes a three-pronged argument. The defendant claims: (1) that certain of his prior convictions were inadmissible under the first and second paragraphs of G. L. c. 233, § 21; (2) that the parole board's "termination" of certain of his felony sentences is equivalent to the "expiration" of the minimum term for purposes of the third paragraph of G. L. c. 233, § 21; and (3) that apart from G. L. c. 233, § 21, the record of convictions of prior crimes for which he had been pardoned in 1975 was inadmissible under G. L. c. 127, § 152, as amended through St. 1983, c. 120.

---

*See opinion on rehearing 23 Mass. App. Ct. 33 (1986). –REPORTER.

At trial, the sole basis urged for excluding the defendant's record of prior convictions was that as to those convictions the defendant had received a full pardon and that those convictions, were, so to speak, expunged and did not exist for purposes of G. L. c. 233, § 21. The arguments that records of certain of the convictions should not have been made known to the jury because they were so old as to be excludable under the first and second paragraphs of § 21, or that parole had reduced time for purposes of dating the prior convictions,[1] have been made for the first time on appeal. See *Commonwealth* v. *Kelley*, 4 Mass. App. Ct. 867 (1976); *Commonwealth* v. *Jakimenko*, 6 Mass. App. Ct. 924, 925 (1978). We need not consider them except to inquire if there is a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Harris*, 371 Mass. 462, 471 (1976). The effect of the pardon, however, was an issue which was properly preserved.

The defendant was tried in April, 1984, subsequent to the amendment of G. L. c. 127, § 152, by St. 1983, c. 120. That act authorized the sealing of "all records relating to the offense for which the person received the pardon" and barred such sealed records from being admitted "in evidence or used in any way in any court proceeding." For reasons probably no more mysterious than failure of administration, the defendant's records were not sealed. For purposes of considering admission of the records, the court should have considered as done what ought to have been done. To that degree, receipt of the records in evidence was error but it was surely an error harmless beyond a reasonable doubt because the defendant had already been at pains to discuss before the jury his extensive criminal background.

On direct examination the defendant presented himself as someone who had been in trouble with the law, who had rehabilitated himself, and who then had begun helping other offenders. He testified that from the age of eleven, he had had problems with the law but that since 1963 he had not been convicted of any crime. He also testified that in 1963 he had pleaded guilty to armed robbery and that he had been pardoned in 1975.

On cross-examination, the prosecutor introduced the record of the defendant's prior convictions. Cf. *Commonwealth* v. *Key*, 381 Mass. 19, 28-29 (1980), and cases cited. In instructions to the jury the judge made clear that evidence of prior convictions was offered solely for the jurors' consideration in evaluating the credibility of the defendant and that the jurors should consider the defendant's pardon as well as his criminal record in evaluating his credibility.[2]

---

[1] The admission of the record of a felony conviction was not challenged on the ground that the termination of that sentence reduced the "minimum term," as that phrase is used in the third paragraph of § 21, thereby making it impossible for that record to satisfy the time requirements of that paragraph.

[2] The Commonwealth's witnesses also had criminal records, and defense counsel introduced prior convictions to impeach them. Defense counsel contrasted favorably the defendant's conduct — turning himself in after the shooting — to that of two of the Commonwealth's witnesses.

In light of the defendant's own testimony regarding his rehabilitation and reform, and in light of the judge's limiting instructions on the use to which the prior convictions could be put, we are confident that the admission in evidence of the defendant's prior convictions was harmless.[3] *Commonwealth* v. *Todd*, 394 Mass. 791, 795 (1985). Reversal of the defendant's conviction thus is not called for on this ground.

2. *Motion to Dismiss the Indictment.*

The defendant's motion to dismiss the indictment was correctly denied. The defendant claims that the prosecutor impaired the integrity of the grand jury proceeding by offering only the hearsay testimony of a police detective. The defendant also claims that the same detective made a misstatement. Those claims are unavailing. The prosecutor did not "deceive grand jurors as to 'the shoddy merchandise they [were] getting.'" *Commonwealth* v. *St. Pierre*, 377 Mass. 650, 655 (1979).

There is abundant authority for the proposition that an indictment based on hearsay, either in whole or in part, is valid. See, e.g., *Commonwealth* v. *McGahee*, 393 Mass. 743, 746 (1985). See also Mass.R.Crim.P. 4(c), 378 Mass. 849 (1979). "[A] review of the propriety of any indictment is limited to determining whether the grand jury received sufficient evidence to find probable cause for arrest, *Commonwealth* v. *McCarthy,* 385 Mass. 160, 163 (1982), and whether the integrity of the grand jury proceedings was impaired. *Commonwealth* v. *Gibson*, 368 Mass. 518, 525 (1975)." *Commonwealth* v. *McGahee*, 393 Mass. at 746-747. With respect to the alleged misstatement by Detective Spencer (that the defendant did not have a license to carry a firearm, but only a license to have one in his home) the indictment is reviewed only to determine whether the misstatement and the withheld evidence (that the defendant did have a license to carry) "so seriously tainted" the proceedings that the indictment should not have been allowed to stand. *Commonwealth* v. *O'Dell*, 392 Mass. 445, 447 (1984). See *Commonwealth* v. *Connor*, 392 Mass. 838, 855 (1984). There has been no showing that the detective deliberately misled the grand jury to base an indictment on facts he knew were untrue. Nor could the withheld evidence be deemed in any way exculpatory. The detective testified that the defendant told him that he had a license to carry and that an F.I.D. permit for the home was found. It should be plain that a license to carry a firearm is not exculpatory of the crime of murder. Accordingly, we discern no error. Contrast *Commonwealth* v. *Salman*, 387 Mass. 160, 167 (1982); *Commonwealth* v. *O'Dell*, 392 Mass. at 446-447.

3. *Cross-examination by the Prosecutor.*

During a series of questions on cross-examination the prosecutor prefaced one question to the defendant with the comment, "Well, at the age of

---

[3] Deciding as we do, we have no occasion to discuss whether *Commonwealth* v. *Maguire*, 392 Mass. 466, 470 (1984), is to have retroactive effect. See, however, in this regard, *Patrick* v. *Commissioner of Correction*, 352 Mass. 666, 669 (1967), and *McCarthy* v. *Sheriff of Suffolk County*, 366 Mass. 779, 781 (1975).

forty-two, and respectfully with your background, you're a mature male, you knew there was a good chance you could get in a jam, didn't you?" The defendant now claims that he was severely prejudiced by the improper comment because it could have been construed by the jury only "as a direct reference to the defendant's criminal history." The argument continues that that comment undercut a material element of his defense and is reversible error.

It is enough to say that, since the defendant did not raise this issue at trial, it is lost on appeal, unless there is a substantial risk of a miscarriage of justice. *Commonwealth* v. *Harris*, 371 Mass. at 471. Even if we were to agree with the defendant's contention that the jury could have taken this comment only one way, i.e., as materially prejudicial, we would still conclude that there is no substantial risk of a miscarriage of justice.[4]

Comparable prosecutorial improprieties have not usually resulted in reversal even when the convictions were reviewed under a standard broader than the miscarriage of justice standard. See, e.g., *Commonwealth* v. *Borodine*, 371 Mass. 1, 12 (1976), cert. denied, 429 U.S. 1049 (1977) (prosecutorial misconduct not flagrant or persistent); *Commonwealth* v. *Francis*, 391 Mass. 369, 373 (1984) (single inaccurate statement in prosecutor's closing); *Commonwealth* v. *Dickinson*, 394 Mass. 702, 707 (1985) (prosecutor's improper suggestion that witness had perjured himself was not sufficiently prejudicial). The prosecutor's statement in this case, reviewed under the miscarriage of justice standard, does not warrant reversal. Contrast *Commonwealth* v. *Smith*, 387 Mass. 900, 904-912 (1983) (deliberate and repeated improprieties by experienced prosecutor created significant danger of prejudice). Although the allegedly prejudicial comment in this case was not mitigated by curative instructions (see *Commonwealth* v. *Dickinson*, 394 Mass. at 707), the absence of such instructions must be attributed to the defendant's decision not to request them. Cf. *Commonwealth* v. *Fitzgerald*, 380 Mass. 840, 848 (1980) ("trial counsel's failure to come to the defense of his client can only be explained by his tactical judgment that what occurred was not significantly prejudicial to his client").

*Judgment affirmed.*

*D. Lloyd Macdonald* for the defendant.

*Judy G. Zeprun*, Assistant District Attorney (*Philip T. Beauchesne*, Assistant District Attorney, with her) for the Commonwealth.

---

[4] We, however, would be hard put not to view the comment as one which would have been better left unsaid.

