## COMMONWEALTH vs. THOMAS W. CHILDS.

Suffolk. January 22, 1986. — October 17, 1986.

Present: BROWN, KASS, & WARNER, JJ.

*Evidence,* Prior conviction, Credibility of witness. *Practice, Criminal,* Assistance of counsel, Impeachment by prior conviction. *Error,* Harmless. *Pardon. Witness,* Impeachment.

Where at the trial of a murder case at which the defendant's credibility was a significant issue, defense counsel did not attempt to keep from the jury certain of the defendant's prior convictions which had been rendered inadmissible under G. L. c. 233, § 21, First and Second, by the passage of time; where, in colloquies respecting the effect of a full pardon received by the defendant, defense counsel failed to mention the provisions of G. L. c. 127, § 152, for automatic sealing of criminal records of offenses for which a pardon has been granted; and where the prosecutor in cross-examining the defendant emphasized that the defendant's pardon had not been granted because of innocence, defense counsel's inadequacy deprived the defendant of the effective assistance of counsel, and thus required a new trial [35-39]

INDICTMENT found and returned in the Superior Court Department on November 17, 1983.

The case was tried before *William W. Simons,* J.

Following its decision reported at 20 Mass. App. Ct. 985 (1985), the Appeals Court granted a petition for rehearing.

*D. Lloyd Macdonald* for the defendant.

*Judy G. Zeprun,* Assistant District Attorney, for the Commonwealth.

BROWN, J. On the defendant's appeal, following his conviction of second degree murder on an indictment charging first degree murder, this court affirmed the judgment. See *Commonwealth* v. *Childs,* 20 Mass. App. Ct. 985 (1985). The defendant petitioned for a rehearing pursuant to Mass.R.A.P. 27, as amended, 395 Mass. 1110 (1985). After further argument, we now reverse the conviction.

The defendant asserts on rehearing that, in view of what he deems erroneous rulings by the trial judge on his motions to keep his prior convictions from the jury, he found himself compelled to bring forth in the course of his direct testimony the subject of his criminal record. In this connection, the defendant testified at the trial that he had been enmeshed with the law since he was eleven years old, that he had been imprisoned at M.C.I., Walpole (now Cedar Junction), on a 1963 plea of guilty to charges including armed robbery, and that prior to 1963 he had been in jail for various other crimes. He also testified that he had not been convicted of any crime since 1963 and that he had been working for social service agencies and programs, primarily in counselling offenders, drug users, and troubled youth. He stated that he had applied for and received a full pardon in 1975. In turn, the prosecutor opened his cross-examination with a meticulous interrogation of the defendant with respect to each item in his record of prior convictions, including the pre-1963 offenses.[1] Under questioning by the prosecutor, the defendant admitted that he had not been pardoned because he was innocent of the offenses. No limiting instruction with respect to the admission of the convictions was sought or given at the time the defendant testified. In giving the charge to the jury, however, the judge properly explained that evidence of prior convictions is offered only for the jurors' consideration in evaluating the credibility of the defendant. The judge also directed the jurors to consider the

---

[1] The following convictions were introduced:

| | |
|---|---|
| (1) Being idle and disorderly | Sentenced August 21, 1959 |
| (2) Using a false name | Sentenced August 21, 1959 |
| (3) Larceny under $100, 4 counts | Sentenced December 2, 1959 |
| (4) Breaking and entering in the nighttime | Sentenced May 9, 1960 |
| (5) Breaking and entering | Probation imposed May 9, 1960 |
| (6) Use without authority | Sentenced May 31, 1961 |
| (7) Larceny under $100, 3 counts | Sentenced November 5, 1962 |
| (8) Armed robbery, 3 counts | Sentenced March 22, 1963 |
| (9) Robbery | Sentenced March 22, 1963 |
| (10) Escape from a penal institution | Sentenced May 23, 1963 |

defendant's pardon along with the criminal record in evaluating his credibility.[2]

1. *Stale prior convictions.* We think that there was error in allowing the prosecutor to impeach the defendant's credibility by introducing certain convictions entered on his criminal record that should have been excluded under the dictates of G. L. c. 233, § 21, First and Second. The defendant had no criminal conviction within either five or ten years of the time he testified in the present case in 1984 that might have revived the stale pre-1963 convictions to make them admissible for impeachment purposes. Furthermore, as none of the pre-1963 offenses led to a felony conviction upon which a State prison sentence was imposed, those convictions were not governed by the longer admissibility period defined in G. L. c. 233, § 21, Third.

The defendant's counsel made no specific effort to prevent admission of those convictions. Having been defeated in an effort to exclude the defendant's 1963 felony convictions, counsel seems to have concluded that he had lost the war. In acquiescing, counsel appears to have assumed that the defendant's entire criminal history would be available to the prosecution for purposes of impeaching the defendant were he to testify. Counsel apparently decided further that he could not properly object to the prosecution's traversal of that record on cross-examination once he had adopted the tactic of presenting the defendant's criminal past on his own initiative in order to blunt the force of the Commonwealth's anticipated attack. See *Commonwealth* v. *Coviello,* 378 Mass. 530, 534 (1979); *Commonwealth* v. *Rossi,* 19 Mass. App. Ct. 257, 260 (1985). In any event, he failed to bring to the judge's attention that, in view of the limitations imposed by G. L. c. 233, § 21, First and Second, the earlier records were inadmissible. In such a situation, "[w]here counsel has not raised a critical matter at trial . . . , the chief victim is likely to be the defendant himself." *Commonwealth* v. *Miranda,* 22 Mass. App. Ct. 10, 22 (1986). Whatever "the over-all quality of the defense, a mistake as serious in its likely effect as this amounts to ineffective assist-

---

[2] The defendant maintained that he accidentally killed the victim.

ance of counsel." *Commonwealth* v. *Rossi,* 19 Mass. App. Ct. at 260. Contrast *Commonwealth* v. *McGann,* 20 Mass. App. Ct. 59, 61-62 (1985).

"[A] decisive . . . issue at trial was witness credibility . . . [and] we cannot say 'with fair assurance' that the improperly admitted evidence did not have a significant impact on the jury's decision." *Commonwealth* v. *Ford,* 397 Mass. 298, 302 (1986). *Commonwealth* v. *Young,* 22 Mass. App. Ct. 237, 242 (1986). We conclude that, with the case in such a posture, the failure of trial counsel to assure that the trial judge screened out the seven convictions more than twenty-one years old necessarily amounted to "serious . . . inattention of counsel — behavior . . . falling measurably below that which might be expected from an ordinary fallible lawyer." *Comonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974). Particularly in light of our conclusion as to the defendant's remaining argument, with respect to the admission of his 1963 felony convictions, such a critical error compels a new trial for the defendant. See *Commonwealth* v. *Rossi,* 19 Mass. App. Ct. at 260.

2. *The effect of the pardon.* The defendant also contends that, because he had received a full pardon for his past criminal offenses in 1975, admission of his record of prior convictions for impeachment purposes was contrary to G. L. c. 127, § 152, as amended by St. 1983, c. 120, which provides for automatic sealing of the criminal records of offenses for which a pardon has been granted.

The effect of the defendant's pardon upon the Commonwealth's ability to impeach his testimony was a critical issue in the trial. The record shows that the defendant's attorney, the prosecutor, and the trial judge recognized that this was so in their colloquies. Nevertheless, the defense attorney failed to mention the statute in his motions, arguments or bench conferences with the judge and prosecutor.

We think it more than reasonable to expect that the defendant's attorney would have looked to the governing statute to advance his client's cause on a point so crucial for the defense. The apparent failure of the defense counsel to consult the statute inevitably had critical consequences at trial. First, de-

fense counsel's ignorance of the statute meant that the defendant had inadequate advice upon which to determine whether and how he ought to testify. The defendant's decision to present to the jury his history of "problems with the law" and his convictions might have been markedly different had he been properly advised that G. L. c. 127, § 152, would have permitted him to deny having been convicted of any offenses for which he had been pardoned.[3] Second, defense counsel's failure to present such a pertinent statute deprived the judge of the opportunity to determine the impact of the statute upon the admissibility of the prior convictions for impeachment purposes. See *Commonwealth* v. *Reid,* 22 Mass. App. Ct. 730, 735 (1986).

After prolonged deliberation, we have concluded the defense attorney's failings here were not harmless and resulted in prejudice to the defendant. These errors were not offset by the defendant's testimony about his rehabilitation and subsequent employment as a counselor. The defendant's own testimony was indispensable to his case and the rulings of the judge, rendered with insufficient guidance by the defense attorney, made impeachment with the criminal record a virtual certainty if the defendant testified.

3. *Risk of a miscarriage of justice.* "Credibility is for the jury, not for appellate courts. We will not substitute our view of a witness's credibility for that of the jury." *Commonwealth* v. *Ford,* 397 Mass. at 301-302. Had the jury credited the defendant's testimony, he might have been convicted of a lesser crime or acquitted.[4] That the Commonwealth's witnesses

---

[3] The preferable practice in such a situation would call for defense counsel (prior to the defendant's taking the stand) to request the judge to instruct the prosecutor not to inquire about any offense for which the defendant has been pardoned. Cf. *Commonwealth* v. *Martin,* 372 Mass. 412, 413-414 (1977), and cases cited. See also Proposed Mass.R.Evid. 512(b).

[4] Even without the impeachment, the jury might well have received the defendant's version of the events with skepticism. He acknowledged drawing and cocking the gun but suggested that the weapon went off by accident. The evidence, however, showed that the defendant had received training in the use of the pistol, that he was familiar with its operation, and that he had carried the gun "everywhere . . . except into church" over a three-year period and that he knew that the gun as cocked was prepared to fire. See

to the shooting also had criminal records that were used by defense counsel to impeach their testimony only underscores the extent to which credibility was central to the outcome of this trial. That does not, in any event, serve to diminish defense counsel's error in failing to assure that evidence of the convictions did not go to the jury.

Impeachment of a defendant's credibility by means of prior convictions is always subject to possible miscontruction by a jury, who may improperly regard the impeachment as substantive evidence of guilt, despite careful limiting instructions. *Commonwealth* v. *Young,* 22 Mass. App. Ct. at 241. See also *Commonwealth* v. *DiMarzo,* 364 Mass. 669, 680 (1974) (Hennessey, J., concurring). "The admission of evidence of a prior conviction, particularly a conviction of a crime not involving the defendant's truthfulness . . . , may well divert the jury's attention from the question of the defendant's guilt to the question of the defendant's bad character." *Commonwealth* v. *Maguire,* 392 Mass. 466, 469 (1984). Where, as here, the prosecutor emphasized in his cross-examination that the defendant had not been pardoned because of innocence, the jury may have impermissibly based their judgment upon a conclusion that the defendant was a confirmed evildoer who had reverted to type. The prejudice inherent in such reasoning by the jury may well be more pronounced where convictions as remote as those involved in this case are brought forward.

We conclude that the combination of the defense attorney's failure to attempt to keep the defendant's pre-1963 convictions from the jury, in accord with G. L. c. 233, § 21, First and Second, and his failure to invoke G. L. c. 127, § 152, constitutes ineffective assistance of counsel. As in *Commonwealth* v. *Rossi,* 19 Mass. App. Ct. at 260, "[d]efense counsel's tactical response to the judge's denial of the [motions to exclude] was

---

*Commonwealth* v. *Broderick,* 16 Mass. App. Ct. 941, 942 (1983). Moreover, the defendant's effort, through testimony from himself and others to suggest that he was too befuddled by drink to have formed any criminal intent could have been undercut by the evidence that tended to show him sufficiently alert to become concerned about other unrelated events which occurred immediately before the fatal shooting.

reasonable: he tried to minimize the impact of the prior convictions by adducing them on direct examination. . . . Thus he tried to make a virtue of necessity; but he had erred in concluding that the necessity existed." Counsel's inadequacies created a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Miranda,* 22 Mass. App. Ct. at 17. Accordingly, a new trial is required.

4. *Retrial.* At a new trial, the defendant's convictions should not be admitted. Indeed, the record on appeal indicates that the convictions from 1959 through 1963 no longer appear in the defendant's criminal record.[5] See *Commonwealth* v. *Childs,* 20 Mass. App. Ct. at 986.

Should the defendant, no longer concerned about impeachment with his prior crimes, attempt to make an issue of his good character at trial by, for example, offering extensive evidence as to his experience as a counselor, that evidence may be rebutted. Such rebuttal evidence may not, however, include reference to specific acts of prior criminal misconduct by the defendant. See *Commonwealth* v. *Roberts,* 378 Mass. 116, 129 (1979). See also *Commonwealth* v. *Turner,* 371 Mass. 803, 810 (1977).

*Judgment reversed.*

*Verdict set aside.*

---

[5] The reason for this deletion has not been explained to us. The disappearance of the earlier convictions may be due to tardy or random application of the sealing requirements of G. L. c. 127, § 152.