COMMONWEALTH vs. THOMAS CHILDS.

No. 90-P-267.

Suffolk. March 8, 1991. - July 17, 1991.

Present: KASS, FINE, & IRELAND, JJ.

Further appellate review granted, 411 Mass. 1101 (1991).

*Constitutional Law*, Confrontation of witnesses. *Witness*, Unavailability. *Evidence*, Previous testimony of unavailable witness. *Practice, Criminal*, Assistance of counsel.

In the circumstances of a murder trial the judge erred in declaring a witness unavailable, which resulted in the witness's testimony recorded at the defendant's prior trial being introduced as evidence, where the Commonwealth failed to show a reasonable, diligent and good faith effort to secure the witness's presence. [68-70]

The defendant in a murder case was not entitled to raise for the first time, after his second trial, the issue of the conduct of his defense counsel in his first trial. [70]

INDICTMENT found and returned in the Superior Court Department on November 17, 1983.

After review reported in 23 Mass. App. Ct. 33 (1986), *S. C.*, 400 Mass. 1006 (1987), the case was retried before *Charles R. Alberti*, J.

*D. Lloyd Macdonald* (*James L. Bryant* with him) for the defendant.

*Brian J. Carney*, Assistant District Attorney, for the Commonwealth.

IRELAND, J. This case comes to us after two trials and involves the admission of testimony given in the first trial by a witness whom the court declared "unavailable" in the second trial. After the defendant was found guilty of murder in the second degree, we reversed on the basis of ineffective assistance of counsel.[1] In the second trial, the judge admitted the

---

[1]The court concluded that "[t]he combination of the defense attorney's failure to attempt to keep the defendant's pre-1963 convictions from the

prior recorded testimony of the absent witness who had testified in the first trial. The second trial jury also returned a verdict of guilty of murder in the second degree. The defendant appeals, claiming that the judge erred when he declared the witness unavailable and allowed the Commonwealth to use his prior recorded testimony. In support of his claim of error, the defendant argues that (1) the Commonwealth failed to make a diligent, good faith, and vigorous effort to secure the witness's presence; and (2) the defense attorney's representation at the first trial, declared ineffective in the first appeal, called into question his handling of the entire trial, including his cross-examination of the now absent witness. For the reasons set out below, we remand this matter for a hearing to determine the present availability of the absent witness. If he is now available, a new trial shall be held; if he is not now available, the conviction will stand.

Certain facts are not in dispute. In the early morning hours of August 20, 1983, two groups of people had an encounter in the parking lot of a Dunkin Donuts establishment in Roslindale after a night or more of drinking and partying.[2] Shortly after an exchange of hostile words, Kostas Efstathiou, a passenger in one of the automobiles, was shot and killed. At the first trial, George S. DeMattia, Jr., a witness for the Commonwealth, provided the only testimony that the defendant intentionally shot the victim. The defendant, on the other hand, testified that his gun accidentally discharged when the victim struck his hand.

As we have said, the defendant was found guilty of murder in the second degree and successfully appealed. One day before the second trial began, the Commonwealth reported to the court that DeMattia was missing. The prosecutor then recited the efforts the State had taken to locate him. The

jury, in accord with G. L. c. 233, § 21, First and Second, and his failure to invoke G. L. c. 127, § 152, constitutes ineffective assistance of counsel." Commonwealth v. Childs, 23 Mass. App. Ct. 33, 38 (1986), S.C., 400 Mass. 1006 (1987).

[2] In one car were Bruce Bornstein, George DeMattia and Kostas Efstathiou (the victim); in the other car were Kevin Murphy and the defendant, Thomas Childs.

assistant district attorney reported that he had ordered the police to search the area of the Commonwealth where the witness was known to reside (Randolph) and had also asked the local police to make inquiry. He had called the witness's father, George S. DeMattia, Sr., who had recently moved from Randolph, Massachusetts, to Fort Myers, Florida. Mr. DeMattia informed him that his son was not living with him in Fort Myers and was not likely to be in Massachusetts because he had outstanding arrest warrants. The father also reported that the last known address he had for his son was in the Northampton County Jail, in Bethlehem, Pennsylvania. The assistant district attorney then called the jail, and was informed that they had no one there by the witness's name. The assistant district attorney went on to report that the Commonwealth had done a search, using credit card data bases, which indicated that a person with the same name, age, and social security number as DeMattia had used a credit card in North Fort Myers, Florida, the same area that DeMattia's father had moved to from Massachusetts. The prosecutor said, "I believe that's him." Notwithstanding this information, the Commonwealth made no effort to contact the police in Fort Myers. Additionally, though specifically requested by the defense attorney, the judge refused to issue a warrant to compel the attendance of an out-of-State witness pursuant to the Uniform Law to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings, G. L. c. 233, § 13A (Uniform Act). Further, in his "Memorandum and Order," the judge found that "[A] credit check with Mr. DeMattia's social security number and date of birth and name revealed nothing of import." The judge declared DeMattia an unavailable witness, apparently adopting the Commonwealth's contention that it had established the witness's unavailability by a showing that the witness was not within the Commonwealth.[3] DeMattia's prior testimony was read to the jury.

---

[3] THE PROSECUTOR: "[T]he law is that I have to make a substantial showing that the witness is not in the Commonwealth and susceptible to service of process."

1. *The judge's ruling that the witness was unavailable.* Introduction in evidence of prior recorded testimony involves the right of confrontation under the Sixth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights. *Commonwealth v. Salim,* 399 Mass. 227, 234 (1987). The right of confrontation under the Sixth Amendment "of an accused to confront the witnesses against him is likewise a fundamental right and is made obligatory on the States by the Fourteenth Amendment." *Ibid.,* quoting from *Pointer v. Texas,* 380 U.S. 400, 403 (1965). The essence of the right of confrontation is the right of cross-examination. *Salim, supra.*

Testimony given at a prior hearing may be introduced at a later criminal trial if the defendant had the opportunity fully to cross-examine the witness at the prior proceeding, the witness was unavailable at trial because of death or other legally sufficient reason, and the testimony could be substantially reproduced in all material particulars. *Commonwealth v. Mustone,* 353 Mass. 490, 494 (1968). *Commonwealth v. Canon,* 373 Mass. 494, 499-501 (1977), cert. denied, 435 U.S. 933

---

. . .

THE JUDGE: "[I]s the Commonwealth expected to try to serve this gentleman in Fort Myers, on the West Coast of Florida? Is that what your concept of the law is? . . . To chase him around the continent, of our 50 United States to make sure you get him? Is that your understanding of what is required in the law?"

. . .

THE PROSECUTOR: "This is my understanding, that if somebody, that there is no affirmative obligation at the present time on the Commonwealth to produce an out-of-state, witness . . . but as far as using prior recorded testimony, as I understand it, the law today is that the witness must be dead or unavailable in the terms of the, as that is a term of art and one definition of unavailability, is to make a substantial showing that the party is without the Commonwealth and beyond the service of the Commonwealth's process to produce the witness and I represent and suggest that I have made a substantial showing that this person is without the Commonwealth and beyond the service of the Commonwealth's process and I think the evidence is virtually compelling that at the present time this party no longer is in the Commonwealth."

THE DEFENSE ATTORNEY: "If I could have one final comment, Your Honor, that I strenuously disagree with the [assistant district attorney] that Mr. DeMattia, being outside of the Commonwealth, is outside the process of the Commonwealth."

(1978). See also *Mancusi* v. *Stubbs*, 408 U.S. 204, 213-214 (1972); *Commonwealth* v. *Gallo*, 275 Mass. 320, 328-335 (1931); *Commonwealth* v. *Clark*, 363 Mass. 467, 470-471 (1973). Prior recorded testimony is admissible only when it is established that (a) the witness is "unavailable" to testify at the trial, and (b) the prior testimony is reliable. *Ohio* v. *Roberts*, 448 U.S. 56, 65 (1980). *Commonwealth* v. *Bohannon*, 385 Mass. 733, 740-749 (1982). *Commonwealth* v. *Salim*, *supra*. *Commonwealth* v. *Seigfriedt*, 402 Mass. 424, 427-430 (1988).

a. *Unavailability of the witness.* "Before allowing the introduction of prior recorded testimony, the judge must be satisfied that the Commonwealth has made a good faith effort to produce the witness at trial." See *Commonwealth* v. *Siegfriedt*, *supra* at 427, citing *Barber* v. *Page*, 390 U.S. 719, 724-725 (1968). A witness is not "unavailable" unless such a good faith effort has been demonstrated by the government. *Barber* v. *Page*, *supra*. When the State seeks to use former testimony against an accused, the standard of good faith and due diligence applicable to finding the person who gave the testimony is particularly demanding. *Commonwealth* v. *Bohannon*, 385 Mass. at 745. See *Commonwealth* v. *Canon*, *supra* at 507 (Liacos, J., dissenting) (unavailability of witness must be "diligently" established). *Gorum* v. *Craven*, 465 F.2d 443, 445 (9th Cir. 1972) (defendant need not resort to Uniform Act to secure attendance of prosecution witness). "Only by demanding rigorous compliance with the evidentiary definitions of 'unavailability as a witness' for the purpose of invoking the former testimony exception to the hearsay rule can we adequately insure that this fundamental constitutional guarantee is preserved for the accused." *State* v. *Scholz*, 432 A.2d 763, 767 (Me. 1981).

Although on its facts it is a stronger case for the defendant than the present one, *Barber* v. *Page*, *supra*, sheds light on the right of confrontation and a State's duty to make a diligent and good faith effort to obtain the presence of a witness at trial before using his prior recorded testimony. In *Barber*, the State sought to introduce the prior recorded testimony of

an out-of-State witness, who was then in prison. The State argued that the introduction of the transcript was within the hearsay exception relating to prior testimony of an unavailable witness on the grounds that the witness was outside the jurisdiction and, therefore, "unavailable" at the time of trial. The Court stated that

> "[A] witness is not 'unavailable' for purposes of the foregoing exception to the confrontation requirement unless the prosecutorial authorities have made a good faith effort to obtain his presence at trial. The State made no such effort here, and, so far as this record reveals, the sole reason why [the witness] was not present to testify in person was because the State did not attempt to seek his presence. The right of confrontation may not be dispensed with so lightly." 390 U.S. at 724-725.

In our case, although the assistant district attorney was aware that the missing witness might well be in Fort Myers, he did nothing to attempt to bring him before the court. See note 3, *supra.* For a witness who is outside a State but not in prison, as might have been the situation in the instant case,

> "the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings provides a means by which prosecuting authorities from one State can obtain an order from a court in the State where the witness is found directing the witness to appear in court in the first State to testify." 390 U.S. at 723 n.4.

The Commonwealth could have determined whether it had, in fact, located DeMattia in Fort Myers, and then, if it had, sought to secure his presence as a witness pursuant to the Uniform Act (See G.L. c. 233, § 13A). It is unlikely that the Commonwealth would have gone to trial without pursuing the lead it had if it had not possessed his prior recorded testimony. In the circumstances, especially where the assis-

tant district attorney said, "I believe that's him," we do not think there has been a proper showing that the Commonwealth made a vigorous, diligent, good faith effort to locate the one witness whose testimony was vital to its case. Compare *Barber,* supra at 724 (the "possibility of a refusal is not the equivalent of asking and receiving a rebuff [citation omitted]" when seeking assistance of out-of-State authorities to produce witness). At a minimum, the Commonwealth should have demonstrated that it had made as vigorous an attempt to secure the presence of DeMattia as it would have made if it had not had his prior recorded testimony. See *United States* v. *Mann,* 590 F.2d 361, 367 (1st Cir. 1978).

b. *Reliability.* Whether prior recorded testimony is reliable "is ensured by the circumstances surrounding the giving of the testimony in the first instance and the manner in which the evidence is preserved and restated at the later trial." *Commonwealth* v. *Bohannon,* 385 Mass. at 747. DeMattia's testimony was given under oath in a trial involving the same issue as the subsequent proceeding, when the defendant was represented by counsel who could and did cross-examine the witness, all of which supports a determination that DeMattia's prior testimony bore "indicia of reliability." *Mancusi* v. *Stubbs,* 408 U.S. at 216. *Bohannon, supra.* The first trial was completely recorded, sworn to by an official reporter for the Superior Court, as well as transcribed. The trial judge in the second trial examined the transcript from the first trial, and found that the examination and cross-examination of DeMattia were thorough. That some of the conduct of his defense counsel in the first trial was deemed ineffective does not, as the defendant now suggests, taint the entire cross-examination. In his first appeal, the defendant did not challenge the abilities of his counsel in his cross-examination of DeMattia in the first trial. He may not now raise this as a new issue. *Commonwealth* v. *Pisa,* 384 Mass. 362, 366 (1981) (issues not raised at trial or pursued in available appellate proceedings are waived); *Commonwealth* v. *Harrington,* 379 Mass. 446, 449 (1980) (same).

2. *Conclusion.* For the reason that the Commonwealth failed to show a reasonable, diligent and good faith effort to pursue the lead it had regarding the whereabouts of DeMattia, we conclude that the judge erred in declaring the witness unavailable.

We remand this matter for a hearing to determine if DeMattia can be produced to testify by efforts to follow up available leads concerning his whereabouts, roughly akin to those which the Commonwealth should be expected to make in order to secure his first-time testimony. If he is available, the judgment will be reversed and the verdict set aside so that a new trial may be held at which he will be presented to testify before the jury. If the judge determines, after a hearing, that the Commonwealth made a diligent and good faith search, but that the witness is not available, the judgment below is to be affirmed. If a new trial were held and DeMattia were still unavailable, then the Commonwealth would be entitled to present his prior recorded testimony, as in the previous trial. If DeMattia is not available upon remand, then the prior trial, which could only have been improved by the addition of DeMattia as a witness, is as good as a new trial.

*So ordered.*